JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ALBERT DIETL

**DEFENDANTS**

DISCOVER FINANCIAL SERVICES, INC. and DOES 1-10, inclusive

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Lake
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jody B. Burton,Esq., Lemberg & Associates LLC, 1100 Summer St., 3rd Floor, Stamford, CT  06905  Phone:  203-653-2250

Attorneys (If Known)

Martin C. Bryce, Jr., Esq., Keith B. Joseph, Esq.; BALLARD SPAHR LLP, 1735 Market St , Phila., PA 19103-215-665-8500

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☒ 2  U.S. Government
     Defendant

☒ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 U.S.C. § 1332
Brief description of cause:
Notice of Removal

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE

DOCKET NUMBER

DATE   08/06/2010

SIGNATURE OF ATTORNEY OF RECORD   *Keith B. Joseph*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

        (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

        (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                          Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **457 Robbins Street, Philadelphia, PA  19111**

Address of Defendant: **2500 Lake Cook Road, Riverwoods, IL  60015**

Place of Accident, Incident or Transaction: **Philadelphia County, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
**Unfair Trade Practices** *(Please specify)*

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Keith B. Joseph**, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **August 6, 2010**    _Keith B. Joseph_    **203997**
Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **August 6, 2010**    _Keith B. Joseph_    **203997**
Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ALBERT DIETL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DISCOVER FINANCIAL SERVICES, INC. | : | |
| and DOES 1-10, inclusive, | : | NO. |
| Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| | | |
|---|---|---|
| August 6, 2010 | Keith R. Joseph, Esquire | DISCOVER FINANCIAL SERVICES, INC. |
| **Date** | **Attorney-at-law** | **Attorney for** Defendant |
| (215) 665-8500 | (215) 864-8999 | josephk@ballardspahr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) **10/02**

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALBERT DIETL, | : |
| **Plaintiff,** | : |
| v. | : NO. |
| DISCOVER FINANCIAL SERVICES and DOES 1-10, inclusive, | : |
| **Defendants.** | : |

## DEFENDANT DISCOVER FINANCIAL SERVICES'S CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1(a)

Defendant Discover Financial Services ("Discover"), now known as DFS Services LLC, by its undersigned counsel hereby submits this Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(a) and states as follows:

1.      Discover is a non-governmental entity.

2.      Discover is a publicly traded independent company incorporated in Delaware with its principle place of business at 2500 Lake Cook Road, Riverwoods, IL.

3.      No public entity owns 10% or more of Discover's stock.

Respectfully submitted,

Martin C. Bryce, Jr. (PA I.D. #59409)
Keith B. Joseph (PA I.D. #203997)
Bryce@ballardspahr.com
JosephK@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant Discover Financial
Services*

Dated: August 6, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALBERT DIETL,** | : |
| **Plaintiff,** | : |
| | : |
| v. | : **NO.** |
| | : |
| **DISCOVER FINANCIAL SERVICES and DOES 1-10, inclusive,** | : |
| | : |
| **Defendants.** | : |
| | : |

**DEFENDANT DISCOVER FINANCIAL SERVICES'S CORPORATE
DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1(a)**

Defendant Discover Financial Services ("Discover"), now known as DFS Services LLC, by its undersigned counsel hereby submits this Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(a) and states as follows:

1.      Discover is a non-governmental entity.

2.      Discover is a publicly traded independent company incorporated in Delaware with its principle place of business at 2500 Lake Cook Road, Riverwoods, IL.

3.      No public entity owns 10% or more of Discover's stock.

Respectfully submitted,

Martin C. Bryce, Jr. (PA I.D. #59409)
Keith B. Joseph (PA I.D. #203997)
Bryce@ballardspahr.com
JosephK@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  215.665.8500
Facsimile:  215.864.8999

*Attorneys for Defendant Discover Financial
Services*

Dated:  August 6, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT DIETL,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **NO.** |
| : | |
| **DISCOVER FINANCIAL SERVICES and** : | |
| **DOES 1-10, inclusive,** : | |
| : | |
| **Defendants.** : | |
| : | |
| : | |
| : | |

## NOTICE OF REMOVAL

Defendant Discover Financial Services ("Discover"), now known as DFS Services LLC, hereby gives notice of removal of the above-captioned action, Case No. 2010-01582, currently pending in the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. Removal is based on 28 U.S.C. §§ 1332 and 1441. Discover is a Defendant in this action, along with unidentified additional Defendants Does 1-10 (the "Doe Defendants").

As grounds for removal, Discover states the following:

## BACKGROUND

1.     On or about May 12, 2010, Plaintiff Albert Dietl ("Plaintiff"), filed a Complaint ("Complaint") with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania (the "State Court Action"). The State Court Action was assigned Case No. 2010-01582.

2.      Plaintiff is a citizen of the Commonwealth of Pennsylvania.  Compl., ¶ 3.

3.      Plaintiff alleges he incurred a debt to Discover related to the use of a personal credit card.  *Id.* at ¶ 7.

4.      Plaintiff  further alleges that Discover and the Doe Defendants made excessive calls to him both at his home and at his place of employment in an attempt to collect this debt.  *Id.* at ¶¶ 10-12.

5.      Plaintiff alleges that although he informed Discover and the Doe Defendants that his employer prohibited such phone calls during work hours, he still received these phone calls.  *Id.* at ¶ 13.

6.      Plaintiff alleges that he sent a "cease and desist" letter to Discover requesting that the phone calls end, but that Discover and the Doe Defendants continued to contact Plaintiff.  *Id.* at ¶ 16.

7.      Plaintiff alleges that during these phone calls, the callers never identified themselves, used obscene or profane language, and aggressively pursued the collection of the debt.  *Id.* at ¶¶ 15, 17.

8.      Plaintiff asserts claims for violations of Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq.*, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.*, and invasion of privacy by intrusion upon seclusion.  *Id.* at ¶¶ 19-39.

•

2

9.      The Complaint seeks damages in excess of the local arbitration limits,[1] actual damages, treble damages, punitive damages, statutory damages and attorneys' fees. *Id.*, p. 6. The Civil Cover Sheet Plaintiff filed with his Complaint provides that he is seeking in excess of $50,000.00 in damages.

10.     Discover is a Delaware corporation with its principal place of business in Riverwoods, Illinois, and thus is deemed a citizen of Delaware and Illinois for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

## STATUTORY REQUIREMENTS -- TRADITIONAL DIVERSITY REMOVAL

11.     Under 28 U.S.C. § 1332, removal is appropriate if the parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. These requirements are met in this case.

12.     <u>Citizenship of Parties</u>. The parties are of completely diverse citizenship with respect to the Plaintiff's claims. Plaintiff is a citizen of Pennsylvania. Compl., ¶ 3. Discover is a citizen of Delaware and Illinois. 28 U.S.C. § 1332(c)(1).

13.     <u>Amount in Controversy</u>. The amount in controversy with respect to Plaintiff's claims against Defendants exceeds $75,000.00. Plaintiff's Complaint seeks damages in excess of $50,000.00, punitive damages, treble damages and attorneys' fees. Additionally, as he also seeks statutory damages of $1,000.00 per violation and alleges there were over twenty-five violations, Plaintiff seeks statutory damages in excess of $25,000.00. Compl., p.6.; *Id.* at ¶

---

[1]      In the Court of Common Pleas for Philadelphia County, all actions in which the amount in controversy, exclusive of interest and costs, is $50,000.00 or less are required to be submitted to arbitration. Phila. Cty. L. R. 1301.

11.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

14.    Removal to Proper Court.  This Court is part of the "district and division" embracing the place where this action was filed – Philadelphia County, Pennsylvania.  28 U.S.C. § 1446(a).

15.    Removal is Timely.  Discover was served with the Complaint on July 7, 2010.  Receipt of the Complaint was the first notice of the State Court Action or federal jurisdiction received by Discover.  This Notice of Removal is being filed with the United States District Court for the Eastern District of Pennsylvania on August 6, 2010, within 30 days after receipt of the State Court Action Complaint by Discover.

16.    Pleadings and Process.  Attached hereto as Exhibit A is a copy of all process, pleadings and orders served upon Discover in the State Court Action.  See 28 U.S.C. § 1446(a).

17.    Notice.  Attached hereto as Exhibit B is a copy of a Notice of Removal to Adverse Parties, which promptly will be served upon Plaintiff's counsel and filed with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania.  See 28 U.S.C. §§ 1446(a), (d).  Discover also will file with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

18.    Consent to Removal.  The Doe Defendants have never been served with process.  The consent of the Doe Defendants, therefore, is not necessary before this action may

4

be removed to federal court. *See Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009) (noting a defendant who has not been served with process need not consent to removal (citations omitted).

19. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

20. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

21. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, this action should proceed in the United States District Court for the Eastern District of Pennsylvania as an action properly removed thereto from the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

Martin C. Bryce, Jr. (PA I.D. #59409)
Keith B. Joseph (PA I.D. #203997)
Bryce@ballardspahr.com
JosephK@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  215.665.8500
Facsimile:  215.864.8999

*Attorneys for Defendant Discover Financial Services*

Dated:  August 6, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, 2010, I have caused a true and

correct copy of the foregoing to be served on the following via first-class mail:

Jody B. Burton, Esquire
Lemberg & Associates LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905

*Attorneys for Plaintiff*

_____
Keith B. Joseph

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/07/2010
CT Log Number 516905289

TO:   Legal Intake
      Discover Financial Services, Inc
      2500 Lake Cook Road
      Riverwoods, IL 60015

RE:   **Process Served in Illinois**

FOR:  Discover Financial Services (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Albert Dietl, Pltf. vs. Discover Financial Services, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Philadelphia County Common Pleas Court, PA<br>Case # 100501582 |
| **NATURE OF ACTION:** | Violations of the Pennsylvania Fair Credit Extension uniformity act - Violation of the Unfair Trade Practices and Consumer Protection Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/07/2010 at 14:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Jody B. Burton<br>Lemberg & Associates L.L.C.<br>1100 Summer Street, 3rd Floor<br>Stamford, CT 06905<br>203-653-2250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2010, Expected Purge Date: 07/12/2010<br>Image SOP<br>Email Notification, Legal Intake dfslegalservice@discover.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tim Light |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MAY 2010**     **001582** |
| E-Filing Number: 1005013119 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ALBERT DIETL | DISCOVER FINANCIAL SERVICES |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 457 ROBBINS ST<br>PHILADELPHIA PA 19111 | 2500 LAKE COOK RD<br>RIVERWOODS IL 60015 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 10 - CONTRACTS OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>MAY 12 2010<br>**S. GARRETT** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ALBERT DIETL</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JODY B. BURTON | 1100 SUMMER ST<br>STAMFORD CT 06905 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (203) 659-3424 | (203) 653-3424 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 71681 | jburton@lemberglaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JODY BURTON | Wednesday, May 12, 2010, 09:24 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

*[stamp: Filed and Attested by PROTHONOTARY 12 MAY 2010 09:24 am S. GARRETT FIRST JUDICIAL DISTRICT OF PA]*

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

Case ID: 100501582

**COMMONWEALTH OF PENNSYLVANIA**
**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY JUDICIAL DISTRICT**

Filed and Attested by
PROTHONOTARY
12 MAY 2010 09: 24 am
S. GARRETT

| | |
|---|---|
| Albert Dietl, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Discover Financial Services; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Albert Dietl, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270, *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*, and the invasion of Plaintiff's invasion of personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District in that the Plaintiff resides in Philadelphia County, and a substantial portion of the acts giving rise to this action occurred in Philadelphia County.

## PARTIES

3.     The Plaintiff, Albert Dietl ("Plaintiff"), is an adult individual residing in Philadelphia, Pennsylvania, and is a "consumer" as the term is defined by 15 73 P.S. § 2270.3.

1

4.     The Defendant, Discover Financial Services ("Discover"), is an Illinois business entity with an address of 2500 Lake Cook Road, Riverwoods, Illinois 60015, operating as a collection agency, and is a "debt collector" as the term is defined by 73 P.S. § 2270.3.

5.     Does 1-10 (the "Collectors") are individual collectors employed by Discover and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.     Discover at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.     The Plaintiff incurred a financial obligation (the "Debt") to the Defendant (the "Creditor") in connection with the use of a personal credit card.

8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 73 P.S. § 2270.3.

9.     The Defendants attempted to collect the Debt and, as such, engaged in a "communications" as defined in 73 P.S. § 2270.3.

### B. Discover Engages in Harassment and Abusive Tactics

10.    The Defendants made excessive calls to the Plaintiff.

11.    The Defendants called the Plaintiff over twenty-five (25) times within two weeks.

12.    The Defendants called the Plaintiff, who works as a security guard, at his place of employment up to six times.

2

13.     The Plaintiff explained to the Defendants that due to the nature of his line of work, his employer prohibits such communications and he cannot take personal telephone calls during work hours.  The Defendants, however, continued to contact the Plaintiff.

14.     As a result of the numerous telephone communications from the Defendants, the Plaintiff was spoken to by his supervisor.  The Plaintiff's supervisor explained that if the telephone calls from the Defendants continued, it would be grounds for termination.

15.     The Defendants do not identify themselves during telephone communications.

16.     The Plaintiff mailed a cease and desist letter to the Defendants via certified mail, return receipt requested, requesting that the Defendants cease all telephone communications. The Defendants however, continued to contact the Plaintiff.

17.     The Defendants used obscene or profane language while speaking with the Plaintiff and aggressively demanded payment of the Debt.

18.     The Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

## VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, ET SEQ.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

3

Case ID: 100501582

21.     The Defendants are each individually a "debt collector" as defined in 73 P.S. §
2270.3.

22.     The Defendants violated provisions of the Fair Debt Collection Practices Act, 15
U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. §
2270.4(a).

23.     The Defendants contacted the Plaintiff at times and places known, or which
should be known, to be inconvenient to them, in violation of 73 P.S. §2270.4(b)(2)(i).

24.     The Defendants contacted the Plaintiff at the consumer's place of employment in
which the creditor knew or had reason to know that the consumer's employer prohibited the
consumer from receiving such communication in violation of 73 P.S. §2270.4(b)(2)(iii).

25.     The Defendants used obscene or profane language or language of which the
natural consequence was to abuse the Plaintiff in violation of 73 P.S. §2270.4(b)(4)(ii).

26.     The Defendants caused a telephone to ring with the intent to annoy the Plaintiff at
the called number in violation of 73 P.S. §2270.4(b)(4)(v).

27.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

29.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,
"One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs
or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be
highly offensive to a reasonable person."

4

30.     Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

31.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with numerous telephone calls.

32.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

35.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV

## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, ET SEQ.

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

5

38.     The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

39.     As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages, as well as costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendants awarding Plaintiff:

1.  Actual damages pursuant to 73 P.S. §201-9.2(a) against the Defendants;

2.  Statutory damages of $1000.00 per violation pursuant to 73 P.S. §201-9.2(a) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 73 P.S. §201-9.2(a)  against the Defendants;

4.  Treble damages pursuant to 73 P.S. § 201-9.2(a);

5.  Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and the Pennsylvania Fair Credit Extension Uniformity Act and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

6

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 10, 2010

Respectfully submitted,

By /s/ Jody B. Burton

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

Case ID: 100501582

# EXHIBIT B

BALLARD SPAHR LLP
Martin C. Bryce, Jr. (I.D. No. 59409)
Bryce@ballardspahr.com
Keith B. Joseph (I.D. No. 203997)
JosephK@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

| | |
|---|---|
| ALBERT DIETL, | : **COURT OF COMMON PLEAS OF** |
| | : **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : **NO. 10-01582** |
| **DISCOVER FINANCIAL SERVICES and** | : |
| **DOES 1-10, inclusive,** | : |
| | : **CIVIL ACTION** |
| **Defendants.** | : |
| | : |
| | : **JURY TRIAL DEMANDED** |

## NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL

To:    Jody B. Burton, Esquire
       Lemberg & Associates LLC
       1100 Summer Street, 3rd Floor
       Stamford, CT  06905
       (203) 659-3424
       Attorneys for Plaintiff

          Defendant Discover Financial Services, acting through its undersigned counsel,

and pursuant to 28 U.S.C. § 1446(d), hereby gives notice to counsel for Plaintiff of the removal

of this action on August 6, 2010, from the Court of Common Pleas for Philadelphia County,

Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  A true

and correct copy of the underlying Notice of Removal is attached hereto as Exhibit 1.

Respectfully submitted,

Martin C. Bryce, Jr. (PA I.D. #59409)
Keith B. Joseph (PA I.D. #203997)
Bryce@ballardspahr.com
JosephK@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  215.665.8500
Facsimile:  215.864.8999

*Attorneys for Defendant Discover Financial*
*Services*

Dated:  August 6, 2010

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2010, I have caused a true and correct copy of the foregoing to be served on the following via first-class mail:

Jody B. Burton, Esquire
Lemberg & Associates LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905

*Attorneys for Plaintiff*

Keith B. Joseph

DMEAST #12757356 v1

# EXHIBIT C

BALLARD SPAHR LLP
Martin C. Bryce, Jr. (I.D. No. 59409)
Bryce@ballardspahr.com
Keith B. Joseph (I.D. No. 203997)
JosephK@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

|  |  |
|---|---|
|  | : **COURT OF COMMON PLEAS OF**
|  | : **PHILADELPHIA COUNTY**
|  | : |
| **ALBERT DIETL,** | : |
|  | : |
| **Plaintiff,** | : |
|  | : |
| **v.** | : |
|  | : **NO. 10-01582** |
| **DISCOVER FINANCIAL SERVICES and** | : |
| **DOES 1-10, inclusive,** | : |
|  | : **CIVIL ACTION** |
| **Defendants.** | : |
|  | : |
|  | : **JURY TRIAL DEMANDED** |

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

To:      THE PROTHONOTARY
         OF THE COURT OF COMMON PLEAS
         OF PHILADELPHIA COUNTY

         PLEASE TAKE NOTICE that Defendant Discover Financial Services, by its

undersigned counsel, has filed a Notice of Removal of this action, pursuant to 28 U.S.C. §§ 1332

and 1441, in the United States District Court for the Eastern District of Pennsylvania.  Pursuant

to 28 U.S.C. § 1446(d), "the State Court shall proceed no further unless and until the case is

remanded."  A true and correct copy of the underlying Notice of Removal is attached hereto as

Exhibit 1.

Respectfully submitted,

Martin C. Bryce, Jr. (PA I.D. #59409)
Keith B. Joseph (PA I.D. #203997)
Bryce@ballardspahr.com
JosephK@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant Discover Financial Services*

Dated: August 6, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, 2010, I have caused a true and

correct copy of the foregoing to be served on the following via first-class mail:

Jody B. Burton, Esquire
Lemberg & Associates LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905

*Attorneys for Plaintiff*

Keith B. Joseph

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 6th day of August, 2010, I have caused a true and

correct copy of the foregoing to be served on the following via first-class mail:

Jody B. Burton, Esquire
Lemberg & Associates LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905

*Attorneys for Plaintiff*

Keith B. Joseph

DMEAST #12759939 v1